CHRISTOPHER J. CANNON, State Bar No. 88034
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: 415-362-6252
Facsimile: 415-362-6431
chris@sugarmanandcannon.com

Attorneys for Defendant JOSEPH COREY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 19-CR-530, 20-CR-481 |
| Plaintiff, | **REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| JOSEPH ALBERT COREY, | |
| Defendant. | |

## I. INTRODUCTION

The government has filed a hyperbolic sentencing memorandum that is long on exaggeration and short on facts. Apparently, like Corey, and all of the victims in this case, the government has been deceived by Brian Dill's self-serving rendition of an imaginary past and has ignored the facts in this case. The government has provided no evidence that Cory was involved in more than $600,000.00 worth of fraud and Corey should not be sentenced based on the more extensive activities of the government's witness, when Corey did not know of those activities.

## II. THERE WAS ONLY ONE SCHEME TO DEFRAUD

There was only one fraud scheme here; and that fraud was an ongoing and continuing scheme to defraud medical service companies designed by Brian Cooper Dill. The scheme charged in the second case, 20-CR-481, alleges a fraudulent medical device scheme beginning on a date unknown, but no later than March 2019 and continuing to at least October 1, 2020. The first indictment, 19-CR-530, is a lesser included scheme alleging Corey deposited checks into a fraudulent Medical Practice Management Account. Both schemes alleged the money obtained was from the fraudulent scheme was them used to purchase gold coins. There is nothing to separate the schemes, other than the government's arbitrary charging decision.

## III. THE GOVERNMENT HAS PROVIDED NO EVIDENCE TO SHOW COREY WAS AWARE OF MORE THAN $600,000 WORTH OF FRAUD

Corey withdrew from the scheme when he was originally arrested, but Dill continued to obtain fraudulent loans using Corey's identity, when Corey was on pretrial release.

When Corey foolishly fled, he rejoined the scheme and made some more phone calls, but Corey is not aware that those calls led to any additional losses, and the government has not traced any additional funds to Corey. The discovery produced by the government documents an extensive fraud but does not show that Corey knew of or participated in more than $600,000.00 worth of fraud and Corey should be sentenced for what he did, not for what others did.

## IV. THE CLAIMS REGARDING MS. ZEE AND COREY'S POSSESSION OF IDENTIFICATION BADGES ARE RED HERRINGS TO DISTRACT FROM THE LACK OF PROOF COREY WAS INVOLVED IN MOST OF THE LOSS.

The government claims that while Corey was in Mexico his crimes continued by communicating

surreptitiously with Melissa Zee, receiving suitcases with "personal effects, as well as mail and other items that enabled Mr. Corey to continue engaging in new crimes and living under false identities, and that: "Mr. Corey continued sending large amounts of cash to Ms. Zee from Mexico."

In fact, there is no proof, other than the word of Mr. Dill that Ms. Zee received anything from Corey, and Dill was the one who suggested that Zee send personal effects and letters to Corey in Mexico. Corey's need for trivial personal effects such as the deodorant, batteries, masks and chargers shown in the pictures in the government's sentencing memorandum certainly indicates that Corey was not making substantial money from fraudulent activity in Mexico. Moreover, the defense assumes that the government received the photos of the items from a suitcase Dill carried to Mexico from Dill, who took the photos as part of his successful plan to create evidence against the others involved in his scheme.

The claim that "Corey continued sending large amounts of cash to Ms. Zee from Mexico," is similarly without factual foundation. Dill may have returned a movie loan to Ms. Zee on one occasion, but the government has provided no substantial evidence that "Corey continued sending large amounts of cash to Ms. Zee from Mexico." This is simply more hyperbole.

Possibly because there is no evidence that Corey received any substantial payments from Dill or profited from any fraudulent activity in Mexico, the government focuses on false identifications that Corey possessed while in Mexico. There is no doubt that Corey had the IDs. There is no proof he used them in any fraud.

The government also claims: "It took months of planning and preparation to locate and arrest Mr. Corey. The operation involved not only the FBI (both in the U.S. and legate) but also local and state Mexican law enforcement."

In fact, the originator of the scheme and cooperating witness Brian Cooper Dill knew where Corey was. On January 12, 2020, Dill called Corey and asked him to text him his address in Monterrey. Corey did, and the next morning he was arrested. This was hardly an extensive international man hunt.

V. **A SENTENCE OF 36 MONTHS IS MORE THAN SUFFICIENT TO PUNISH COREY FOR WHAT HE DID AND DETER OTHERS**

There is no question that Brian Cooper Dill created a substantial medical fraud scheme, and that Corey assisted him with his scheme. The government has provided no proof, however, that Corey

obtained, or knew about more than $600,000.00 worth of fraudulent proceeds, which he split with Dill and others.

Corey has admitted his involvement in his crime and is sorry for his actions. For some inexplicable reason, the government argues, without any evidence, that Corey's involvement was far greater than that shown by the evidence and keeps claiming that Corey and Dill are equally responsible.[1] There is no evidence to support that claim and plenty of evidence to refute it. Corey should be given a sentence, consistent with what he did, rather than consistent with the exaggerated claims of the government. We respectfully submit that an appropriate sentence in this case would be 36 months in custody.

Dated: March 15, 2022              Respectfully submitted,

                                            /s/
                                   Christopher J. Cannon
                                   Matthew A. Laws
                                   Attorneys for Joseph Corey

---

[1] We again repeat our <u>Brady</u> request for Dill's criminal record and plea agreement in this case. This is, at least, Dill's third Federal Fraud conviction. Dill received the majority of the money obtained, and Dill was engaged in a substantial PPP fraud contemporaneously with his activities here. Certainly, Dill is entitled to credit for his cooperation, but the government declined to accept any cooperation from Corey. Given the relative positions of Corey and Dill, and the need to reduce sentencing disparity, the government should certainly disclose what sentence it will be seeking for Dill.